IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRITTANY M. THOMPSON, JENNIFER R. HIGHT, KATHERINE M. BELLOWS, and DANIELLE L. MCELROY,** individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>Plaintiffs,<br><br>v.<br><br>**1715 NORTHSIDE DRIVE, INC.** d/b/a Club Babes, a corporation; and **C.B. JONES and KAREN KIRK**, individuals,<br><br>Defendants. | Civil Action No.<br><br><br><br>Jury Trial Demanded |

## **COMPLAINT**

NOW COME Plaintiffs Brittany M. Thompson, Jennifer R. Hight, Katherine M. Bellows, and Danielle L. McElroy (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through her attorneys, against 1715 Northside Drive, Inc. d/b/a Diamond Club (hereinafter "1715") and C.B. Jones and Karen Kirk (collectively "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.

Minimum wage and overtime laws mark the boundary between a humane society and its Industrial Era precursor of child labor, company scrip and eighteen hour work days. In recognition of this distinction, the United States Congress has enacted and enforced wage and hour laws. This collective action arises from an ongoing wrongful scheme by Defendants to turn back the clock by denying their employees any wage at all. Defendants' scheme is so far removed from the modern era that it involves requiring its employees to work without any wage at all. Indeed, it involves the Defendants requiring their employees to pay for the privilege of working, a practice unheard of in modern times.

2.

Plaintiffs, on behalf of themselves and all other employees similarly situated, hereby allege that Defendants have maintained a pattern and practice of not paying employees wages, not paying for overtime wages, failing to provide proper time for required lunch and rest breaks and otherwise failing to provide statutorily mandated wages and compensation. These violations were, and are, so egregious that Defendants go so far as to require each and every similarly situated employee to pay out of pocket costs prior to receiving any compensation. These

employees include, but are not limited to each and every employee categorized as a "dancer" or "entertainer" at Defendants' adult nightclub, Diamond Club.

3.

This is brought as a collective action under the Fair Labor Standards Act ("FLSA") 29. U.S.C. §§ 201, 207, and 216(b) to recover unpaid wages, unpaid overtime wages and other wages for which Plaintiffs were not paid in violation of the laws of the United States.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, et seq., commonly known as the FLSA. Plaintiffs do not assert any cause of action that is subject to any collective bargaining agreement.

5.

This court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts. Additionally, Defendant 1715 Northside Drive, Inc. is a business incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

6.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, *inter alia*, all Defendants reside within the State of Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

7.

Plaintiff Brittany M. Thompson is an individual residing in Woodstock, Cherokee County, Georgia. Thompson is a current employee of Defendants. Thompson worked as a dancer for Defendants since 2009. Defendants have never paid her any wage of any kind. Thompson has given her consent to join this lawsuit in writing.

8.

Plaintiff Jennifer R. Hight is an individual residing in Douglasville, Paulding County, Georgia. Hight is a former employee of Defendants. Hight worked as a dancer for Defendants from approximately December 28, 2011 until December 22, 2013. Defendants never paid her any wage of any kind. Hight has given her consent to join this lawsuit in writing.

9.

Plaintiff Katherine M. Bellows is an individual residing in Summerville, Dorchester County, South Carolina. Bellows is a former employee of Defendants. Bellows worked as a dancer for Defendants from approximately February 14, 2011 until December 22, 2013. Defendants never paid her any wage of any kind. Bellows has given her consent to join this lawsuit in writing.

10.

Plaintiff Danielle L. McElroy is an individual residing in Alpharetta, Fulton County, Georgia. McElroy is a former employee of Defendants. McElroy worked as a dancer for Defendants from approximately 2009 until early-January 2014. Defendants never paid her any wage of any kind. McElroy has given her consent to join this lawsuit in writing.

11.

Defendant 1715 Northside Drive, Inc. is a Georgia corporation; Defendant C.B. Jones is its CEO; Defendant Karen Kirk is its CFO and Secretary. Defendants have acted together in a conspiracy to carry out their illegal enterprise since at least 1994. Defendant 1715 can be served through its registered agent, Herbert P. Schlanger, at 230 Peachtree Street NW, Suite 1890, Atlanta, Georgia 30303. Defendant C.B. Jones can be served at 1715 Northside Drive, NW, Atlanta,

Georgia 30318, or wherever he can be found. Defendant Karen Kirk can be served at her residence at 1312 Harbins Road, Dacula, Georgia 30019.

## FACTUAL ALLEGATIONS

12.

Defendants own and operate a successful and long-lived strip club. The business of Defendants is to provide nude dancers and other entertainment to customers of the club. Defendants have at relevant all times done business in the State of Georgia.

13.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Specifically, Defendants are an enterprise engaging in commerce and have sales or do business transaction in excess of $500,000 a year. Furthermore, Plaintiffs' "entertainer" or "dancer" jobs are not positions involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

14.

Defendants have at all times relevant falsely classified the "dancers" or "entertainers" (hereinafter "Dancers") employed in the club as independent contractors. This false classification has been occurring for at least the past three years (the "Collective Period").

15.

Despite the fact that the Defendants have classified the Dancers as independent contractors, Defendants have exercised at least the following controls over all the Dancers:

(1) Club management requires all dancers to work at least three days per week in order to continue their employment;

(2) All dancers' shifts begin at times designated by club management;

(3) Club management has the authority to control the costumes worn by all dancers;

(4) Club management has the authority to control the content of all dancers' performances on stage, including how many songs they must stay on stage for and how many rotations on stage they must perform per shift;

(5) Club management requires all dancers to take a breathalyzer test prior to leaving after every shift;

(6) Club management controls whether all dancers may entertain customers in VIP rooms, for which all dancers are required to pay various fees to club managers and supervisors.

16.

In addition to the above listed controls, Defendants require the following "kickback fees" and fines to be paid by Plaintiffs, and all similarly situated employee–dancers:

(1) Defendants require that all Dancers pay a per-shift "house fee" to Defendants, which ranges from $18.00 to $40.00 per shift worked;

(2) Defendants require that all dancers pay the club DJ a fee of 10% of tips received per shift worked;

(3) Defendants require that all dancers pay a "manager fee" of $8.00 to $10.00 per shift worked

(4) Defendants require that all dancers pay 10% of all VIP sales to the club DJ;

(5) Defendants require that all dancers pay an additional "credit card fee" of 5% to 10% of all VIP sale made by credit card;

(6) Defendants require that all dancers pay the greater amount of $10.00 or 10% of tips received for dancing on stage;

(7) Defendants require all dancers to pay a late-arrival fine of $10.00 for every hour late to a shift;

(8) Defendants require all dancers to pay an early-leave fine of $20.00 to $40.00, depending on the time of departure;

(9) Defendants require all dancers to pay a fine of $200.00 or more, or apply other forms of punishment, for violating various club policies.

(10) Since November 2013, Defendants have required dancers to pay additional fines for not appearing on stage when their rotations have been set by club management.

17.

In addition to the illegal kickback described above, Defendants have recklessly and maliciously failed to pay Plaintiffs and other similarly situated employees any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

18.

Plaintiffs hereby incorporate Paragraphs 1–17 of this Complaint as if fully restated herein.

19.

At all times relevant herein, Plaintiffs and all similarly situated employees performed work for which the minimum wage should have been paid by Defendants, but have been paid no wages of any kind by Defendants in violation of the FLSA provisions requiring the payment of minimum wage.

20.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiffs and all similarly situated employees.

21.

At all relevant time, the unlawful conduct against Plaintiffs and all similarly situated employees, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of their employees. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Defendants 1715 Northside Drive, Inc., C.B. Jones, Karen Kirk, as well as their managerial employees.

22.

These actions were compounded by Defendants' failure to provide notice to their employee Dancers that they intended to utilize the tip-credit provisions of the FLSA and Defendants' requirement that said Dancers surrender large portions of their tips to Defendants for the personal enrichment of Defendants.

23.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein have been enforced against at least 200 Dancers employed by Defendants. Each and every one of these employees has been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

24.

Plaintiffs have consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Upon issuance of proper notice by this Court, there is a substantial likelihood that other similarly situated employees will join this action as plaintiffs.

25.

Defendants' wrongful and illegal conduct has deprived Plaintiffs, and all similarly situated employee–dancers, of the minimum wage to which they are statutorily entitled in an amount to be determined. Additionally, Plaintiffs, and all similarly situated employees, are entitled to their attorney's fees, expenses and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

# COUNT II
# VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

26.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-25, as if specifically set forth herein.

27.

Pursuant to 29 U.S.C. § 207, Plaintiffs, and all similarly situated employees, are entitled to be compensated at one and one half times their regular wage for each and every hour worked over forty hours in any given workweek.

28.

The overtime provisions of the FLSA apply to Plaintiffs and all similarly situated employees.

29.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiffs, and any and all similarly situated employees, any wage whatsoever.

30.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Plaintiffs, or to any and all similarly situated employees, much less required

overtime wages. Defendants are liable to Plaintiffs, and any and all similarly situated employees, for their respective unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

## COUNT III
## COLLECTIVE ACTION ALLEGATIONS
## PURSUANT TO 29 U.S.C. §216(B)

31.

Plaintiffs hereby incorporate Paragraphs 1–30 this Complaint as if fully restated herein.

32.

Defendants have intentionally and repeatedly violated 29 U.S.C. §§ 206 and 207 by failing to pay required minimum and overtime wages to Plaintiffs, and any and all similarly situated employees. Defendants have engaged in these behaviors for their own benefit and in an attempt to deprive Plaintiffs, and any and all similarly situated employees, of their lawful wages.

33.

Defendants are liable pursuant to 29 U.S.C. § 201 et seq., to Plaintiffs, and to all similarly situated employees, for unpaid minimum and overtimes wages, interest, attorney's fees and costs and other such equitable and legal relief that this Court finds proper.

34.

There are at least 200 similarly-situated current and former employee–Dancers who have been misclassified by Defendants in the past three years and have worked without being paid minimum or overtime wages in violation of 29 U.S.C. §201, et seq. These Dancers would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to join pursuant to 29 U.S.C. § 216(b). These similarly situated employees are known to Defendants, are readily identifiable and can be located through the records of Defendants and various local governmental entities.

WHEREFORE, Plaintiffs pray that this Court:

(a) Enjoin Defendants from continuing to violate 29 U.S.C. §201, et seq., and from withholding payment of minimum and overtime wages from Plaintiffs, and any and all similarly situated employees, pursuant to this Court's authority provided for in 29 U.S.C. § 217;

(b) Find that Defendants have willfully violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiffs, and any and all similarly situated employees, minimum and overtime wages;

(c) Issue a judgment against Defendants for all unpaid wages, illegal kickback payments, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(d) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(e) Issue a Notice of the Present Action to all persons who are presently, or have been at any time during the three years immediately preceding this suit, up through an including the date of this Court's issuance of Court-Supervised Notice, employed by the Defendants as Dancers as described above;

(f) That each such person shall be informed of this civil action, the nature of the action, and of their right to join this lawsuit if they have worked for Defendants and have not been paid minimum or overtime wages and have been forced to pay illegal kickbacks to Defendants. Additionally, the Notice shall inform all current and past employees that **Defendants are not allowed to retaliate** against them for participating in this action;

(g) For such other and further relief as is just and equitable.

Plaintiffs hereby demand a TRIAL BY JURY.

Respectfully submitted this 10th day of February 2014.


SMITH COLLINS, LLC                    */s/ W. Anthony Collins, Jr.*
8565 Dunwoody Place                   W. Anthony Collins, Jr.
Building 15, Suite B                  Georgia Bar No. 141712
Atlanta, GA 30350
(770) 378-1408                        *Attorney for Plaintiff*
wicollin@hotmail.com