IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRITTANY M. THOMPSON,** **JENNIFER R. HIGHT,** **KATHERINE M. BELLOWS,** **AND DANIELLE L. MCELROY,** *Individually and on behalf of all other similarly situated who consent to their inclusion in a collective action,* | CIVIL ACTION FILE NO. 1:14-CV-00390-RWS |
| **Plaintiffs,** | |
| v. | |
| **1715 NORTHSIDE DRIVE, INC.** **d/b/a DIAMOND CLUB, a corporation;** **and C.B. JONES and KAREN KIRK,** **individuals,** | |
| **Defendants.** | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION

COME NOW 1715 NORTHSIDE DRIVE, INC., C.B. JONES and KAREN KIRK, Defendants in the above-styled civil action, and timely file this response to Plaintiffs' Motion for Conditional Class Certification under 29 U.S.C. §216(b), of the Fair Labor Standards Act ("FLSA").

## PROCEDURAL HISTORY

On February 10, 2014, Plaintiffs Brittany M. Thompson, Jennifer R. Hight, Katherine M. Bellows, and Danielle L. McElroy filed this civil action Defendants 1715

Northside Drive, Inc. "d/b/a Club Babes," C.B. Jones and Karen Kirk. [Doc. 1]. Therein, the Plaintiffs, on behalf of themselves and "other others similarly situated who consent to inclusion in a collective action," assert generally that Defendants have violated various provisions of the FLSA, and that, as a result, they have been deprived both the federal minimum wage for each hour worked and overtime wages for the three (3) year period preceding the filing the Complaint to the present. The following day, Plaintiffs filed signed consent forms for each of the named Plaintiffs. [Doc. 3].

On February 11, 2014, Plaintiffs filed a motion to amend[1] their Complaint, along with an (proposed) Amended Complaint. [Docs. 4 and 4-1]. On the same day, Plaintiffs filed a Motion for Conditional Class Certification.[2] [Doc. 5]. Plaintiffs' Motion, supported by declarations from each of the named Plaintiffs, seeks: (a) permission to conditionally proceed as a collective action on behalf of exotic dancers/entertainers who currently and formerly performed at Diamond Club during the relevant time period; (b) court-facilitated notice to all putative members of the collective; (c) an order requiring Defendants to produce the names and last-known addresses of putative members of the collective during the relevant time period[3]; and

---

[1] Given the timing of the filing of Plaintiffs' Amended Complaint, Plaintiffs' Motion for leave to amend was not required. Fed.R.Civ.P. 15(a).

[2] Plaintiffs' Motion is not one for class certification under Rule 23, rather, it is a motion for collective action certification under the FLSA. 29 U.S.C. §216(b).

[3] In their Motion, Plaintiffs define the relevant (or "Collective") period as the

(d) an order permitting Plaintiffs "to engage in limited discovery for the purpose of identifying and notifying" all putative members of the collective. [Doc. 5 at p.3].

On March 3, 2014, the individual defendants timely answered the Amended Complaint [Docs. 7-8] and filed a motion to dismiss for failure to state a claim. [Doc. 10]. On March 14, 2014, Defendant 1715 Northside Drive, Inc. also timely answered the Complaint. [Doc. 13].

On March 11, 2014, two individuals, Taylor A. Braithwait and Kelly J. Wittenmyer filed consent forms with the Court. [Doc. 11]. On March 19, 2014, Teresa Burns also filed a consent form indicating her willingness to participate in this civil action. [Doc. 18].

On March 19, 2014, Plaintiffs filed a "Response to Motion of C.B. Jones and Karen Kirk to Dismiss for Failure to State a Claim, and Motion for Leave to Amend." [Doc. 19]. Attached to Plaintiffs' Response (and Motion) was a proposed Second Amended Complaint. [Doc. 19-1]. Although the Court has not yet ruled on Plaintiffs' most recent motion for leave to amend, the individual Defendants nonetheless

---

period of time from three (3) years immediately preceding the filing of the Complaint to the present. [Doc. 5 at 2]. Defendants do not oppose such a definition for the limited purpose of identifying putative collective action members and sending court-facilitated notice, but Defendants do oppose and reserve the right to challenge Plaintiffs' claimed entitlement to an extended three-year statute of limitations, when the normal statute of limitations for claims brought under the FLSA is two (2) years, unless Plaintiffs can affirmatively demonstrate that Defendants' alleged violations of

3

answered Plaintiffs' Second Amended Complaint on June 3, 2014.  [Doc. 26-27].

## ARGUMENT AND CITATION OF AUTHORITY

Because Plaintiffs' Motion for Conditional Class Certification was filed on February 11, 2014, before Defendants were served with civil process, there was no dialogue between counsel for the parties over whether or not Defendants would consent to conditional certification.

Although Defendants disagree with much of the factual allegations included in Plaintiffs' Motion, at this early stage of the proceeding, Defendants believe that Plaintiffs have satisfied their relatively light burden of demonstrating that the named Plaintiffs -- current or former exotic dancers at Diamond Club -- are "similarly situated" to the opt-in plaintiffs, and that there are other similarly-situated exotic dancers who, if notified in writing of the pending civil action, might also consent to participate in this civil action.  For that reason, Defendants, without prejudice to their right to move for decertification at the appropriate time based on discovery that may be taken, do not oppose conditional certification of Diamond Club's exotic dancers who performed there during the relevant time period.

Defendants believe that Plaintiffs' proposed Notice to putative members of the collective [Doc. 5-5] to be generally appropriate, however, Defendants submit that a

---

the FLSA were willful.

45-day window from the date the Notice is mailed is adequate time for putative claimants to file their consent forms. *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 404 (D.New Jersey, 1988)(45-day opt-in window); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, No. 08 C 488, 2008 WL 5263750, at *6 (E.D.Wis., Dec. 18, 2008)("There is no indication why 45 days, an opt-in period ordered by other courts in FLSA actions, would not be sufficient time under these circumstances."); *Champneys v. Ferguson Enterprises, Inc.*, No. IP-02-535-C-H/K, 2003 WL 1562219, at *7 (S.D.Ind. Mar. 11, 2003)(adopting 45-day opt-in period); *Greenwald v. Phillips Home Furnishings, Inc.,* 2009 WL 1025545 (E.D.Mo. April 15, 2009) (45 days); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 501 (D. Neb. 2009)(45 days); *Whitaker v. Kablelink Communications, LLC*, No, 8:13-cv-2093-T-30MAP, 2013 WL 5919351, at *4 (M.D.Fla. Nov. 4, 2013)(45 days); *Heaps v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2011 WL 6749053 (S.D.Ohio, Apr. 5, 2010)(45 days); *Scott v. Aetna Services, Inc.*, No. 3:99CV46 CFD, 2000 WL 436599, at *1 (D.Conn. Feb. 18, 2000)(45 days).

Defendants' primary objection to Plaintiffs' Motion is (a) their request that the Court order Defendants to produce "an updated computer-readable data file containing the names, job title, last known mailing address, telephone numbers, dates of employment, location of employment, and the last four digits of the Social Security Numbers of all current and former entertainers who have worked at Diamond Club

during the past three years" [Doc. 5 at 13-14] and their request that this information be provided "within five (5) days" of entry of the Court's order on their Motion. [Doc. 5-6 at 2].

When considering Plaintiffs' requested relief, the Court should be advised that Defendants do not have any such "list of current or former exotic dancers." This civil action alleges not only various violations of the FLSA, but also alleges that Defendants intentionally misclassified their exotic dancers as independent contractors, rather than as employees. Defendants dispute that the exotic dancers who perform(ed) at Diamond Club have been intentionally misclassified, but admit that it does and has historically classified the dancers who perform there as independent contractors, as is customary in the Gentlemen's club industry. Accordingly, the Diamond Club, like most gentlemen's clubs, does not keep computerized "employment records" on the exotic dancers who perform there. And, to the extent Diamond Club may have *some* of the information sought by Plaintiffs (like names and possibly dancers' last known addresses), such information would be maintained in individual paper files (if at all), and not in a "computer-readable data file" format which can easily be produced with a couple of keystrokes on any computer. Some exotic dancers may have performed at Diamond Club as long ago as early 2011, and some may have only performed there sporadically or on a small handful of occasions. Regardless, Defendants do not have any "list" of

exotic dancers (much less a list containing the detailed information requested by Plaintiffs), and the information requested by Plaintiffs, if it is in Defendants' possession at all, will require far more than five (5) days to produce, if it can be produced at all.

Instead of placing the burden of producing such detailed information on Defendants, Defendants submit that the detailed personnel information requested is readily available to Plaintiffs by means of a written request made under the Georgia Open Records Act to the Atlanta Police Department, which issues annual licenses to all individuals who perform at adult entertainment establishments within the City of Atlanta. Rather than forcing Defendants to compile for Plaintiffs a list which does not currently exist, and to provide Plaintiffs information which Defendants do not typically maintain, Defendants believe it would be far more efficient for Plaintiffs to simply make an open records request to the City of Atlanta Police Department for all entertainers who were issued licenses to work at the Diamond Club between 2011 and 2014, as such a list has already been compiled by the Atlanta Police Department, and it is sure to be more accurate than any list Defendants are ordered to compile.

## **CONCLUSION**

For all of the above and foregoing reasons, Defendants do not oppose Plaintiffs' Motion for Conditional Collective Action Certification and Notice to the putative class

members, but request a 45-day opt-in window from the date Court-approved Notice is mailed, and request that the Court deny Plaintiffs' request for "limited discovery regarding the identity of exotic dancers who performed at Diamond Club" and instead, require Plaintiffs obtain their "list of putative collective members" from the City of Atlanta Police Department, rather than from Defendants. Alternatively, to the extent the Court does require Defendant to provide exotic dancer information to Plaintiffs, that Defendants be given at least 14 days from the date of the Court's Order on Plaintiffs' Motion to produce names and last known addresses of exotic dancers who performed at Diamond Club since February 10, 2011, that is in Defendants' possession

This 16th day of June, 2014.

/s/ Dean R. Fuchs
Wm. Scott Schulten
Georgia Bar No. 630272
Susan K. Murphey
Georgia Bar No. 408498
Dean R. Fuchs
Georgia Bar No. 279170

SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800 telephone
(404) 688-6840 facsimile

Counsel for Defendants
C.B. Jones II and Karen Kirk

/s/ Herbert P. Schlanger

        Herbert P. Schlanger
        Georgia Bar No. 629330

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, GA 30303
(404) 808-6659 telephone
(404) 745-0523 facsimile

        Counsel for Defendants
        C.B. Jones II and Karen Kirk


        /s/ Eric Magnus
        Eric R. Magnus
        Georgia Bar No. 801405
        magnuse@jacksonlewis.com

        Erin J. Krinsky
        Georgia Bar No. 862274
        Erin.krinsky@jacksonlewis.com

Jackson Lewis, PC
1155 Peachtree Street, Suite 1000
Atlanta, GA 30309

        Counsel for Defendant
        1715 Northside Drive, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **BRITTANY M. THOMPSON,** **JENNIFER R. HIGHT,** **KATHERINE M. BELLOWS,** **AND DANIELLE L. MCELROY,** *Individually and on behalf of all other similarly situated who consent to their inclusion in a collective action,* | **CIVIL ACTION FILE NO.** **1:14-CV-00390-RWS** |
| **Plaintiffs,** | |
| v. | |
| **1715 NORTHSIDE DRIVE, INC.** **d/b/a DIAMOND CLUB, a corporation;** **and C.B. JONES and KAREN KIRK,** **individuals,** | |
| **Defendants.** | |

### CERTIFICATE OF COMPLIANCE AND SERVICE

This certifies that this filing complies with the font and font size requirements of LR 5.1B and that I have this date served the within and foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** on the following using the Court's CM/ECF electronic filing system:

| | |
|---|---|
| W. Anthony Collins, Jr. wicollins@hotmail.com | Matthew W. Herrington Herrington.matthew@gmail.com |
| Eric R. Magnus magnuse@jacksonlewis.com | Erin J. Krinsky erin.krinsky@jacksonlewis.com |

Herbert P. Schlanger
hschlanger@bellsouth.net

    This 16th day of June, 2014.

                                       /s/ Dean R. Fuchs
                                       Dean R. Fuchs
                                       Georgia Bar No. 279170