IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITTANY M. THOMPSON, : | |
| JENNIFER R. HIGHT, : | |
| KATHERINE M. BELLOWS, and : | |
| DANIELLE L. MCELROY, : | |
| individually and on behalf of all : | CIVIL ACTION NO. |
| others similarly situated who : | 1:14-CV-0390-RWS |
| consent to their inclusion in a : | |
| collective action, : | |
| : | |
| Plaintiffs, : | |

v.

1715 NORTHSIDE DRIVE, INC.
d/b/a Club Babes, a corporation,
C.B. JONES and KAREN KIRK,

    Defendants.

## ORDER

This case is before the Court on Plaintiffs' Motion to Amend Complaint [4], Plaintiffs' Motion to Conditionally Certify Class [5], Individual Defendants' Motion to Dismiss [10], and Plaintiffs' Second Motion to Amend Complaint [20]. After reviewing the record, the Court enters the following Order.

**I.**    **Plaintiffs' Motions to Amend**

Plaintiffs filed their original Complaint on February 10, 2014. The following day, Plaintiffs filed a pre-answer motion to amend the Complaint [4]. Under Federal Rule of Civil Procedure ("Rule") 15(a)(1), Plaintiffs may amend their Complaint once as a matter of course within 21 days after serving it. Therefore, Plaintiffs' first motion to amend [4] is **GRANTED**.

On March 21, 2014, Plaintiffs filed a motion seeking leave to amend the First Amended Complaint [20]. Rule 15(a)(2) says that the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Defendants do not oppose Plaintiffs' motion and the Individual Defendants have already filed answers to the proposed Second Amended Complaint. Therefore, Plaintiffs' second motion to amend [20] is **GRANTED**.

## II.     Individual Defendants' Motion to Dismiss

On March 4, 2014, prior to Plaintiffs' Second Amended Complaint, Individual Defendants filed a motion to dismiss for failure to state a claim [10]. Defendants argue in their motion that Plaintiffs failed to plead sufficient facts to show that Defendants are subject to the Fair Labor Standards Act ("FLSA") wage requirements. (See generally, Def.s' MTD Br., [10-1].) In response to Defendants' motion to dismiss, Plaintiffs sought leave to file the Second

2

Amended Complaint "to include sufficient factual allegations of enterprise coverage" under the FLSA.  (See generally, Pl.s' Resp. Br., [19] at 2 of 5.) Defendants did not file a reply brief and, as noted above, did not oppose Plaintiffs' second motion to amend.  And rather than renew their motion to dismiss in response to Plaintiffs' Second Amended Complaint, Individual Defendants filed answers.  Therefore, Individual Defendants' motion to dismiss Plaintiffs' First Amended Complaint is **DENIED as moot.**

### III.   Plaintiffs' Motion to Conditionally Certify Class

The FLSA authorizes collective actions, stating:

> An action ... may be maintained against any employer ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b).  The Court, in its discretion, may authorize the sending of notice to potential class members in a collective action.  Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170 (1989); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); Haynes v. Singer Co., 696 F.2d 884, 886-87 (11th Cir. 1983).

3

The Eleventh Circuit recognizes a two-tiered approach to class certification in FLSA cases. "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." Hipp, 252 F.3d at 1218. "The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." Id.

This case is before the Court for the first determination of conditional class certification. At this stage, the "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Id. "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Id. (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). Before granting conditional certification, courts should determine: (1) whether employees sought to be included in the putative class are similarly situated with respect to their job requirements and pay provisions; and (2) whether there are other employees who wish to opt-in to the action. Dybach v. Fla. Dept. of

4

Corr.s, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Plaintiffs seek conditional certification of a class comprising: "All current and former dancers who have worked at Diamond Club, 1715 Northside Drive NW, Atlanta, GA 30318 from [3 years prior to the mailing date] to the present." (Proposed Notice, [5-5] at 1 of 5.)  Plaintiffs also request that the Court approve the Proposed Notice to putative class members informing them of their right to join in the class action, and order Defendants to produce contact information in a computer-readable format for all dancers who worked at the club in the last three years.

Defendants admit that Plaintiffs have satisfied their relatively light burden at this stage and therefore, "without prejudice to their right to move for decertification at the appropriate time based on discovery that may be taken, do not oppose conditional certification of Diamond Club's exotic dancers who performed there during the relevant time period." (Def.s' Resp. Br., [31] at 4 of 11.)  However, Defendants maintain that a 45-day window from the date Notice is mailed is sufficient for putative class members to return their consent forms, rather than the 60-day window in Plaintiffs' Proposed Notice.  Further, Defendants object to Plaintiffs' request for updated contact information for all

5

dancers over the last three years in a computer-readable format within 5 days of entry of the Court's Order.

Defendants represent that they do not have a list of dancers from the last three years. Dancers have historically been classified by Defendants as independent contractors and therefore have not been tracked in a computerized employee database. Furthermore, the records Defendants do possess are in individual paper files. Therefore, Defendants assert that they should not be required to produce dancers' contact information, and instead, Plaintiffs should file an Open Record Act request with the Atlanta Police Department, which issues annual licenses to exotic dancers who perform in Atlanta. To the extent the Court does require Defendants to provide contact information, Defendants request additional time (14 days) and ask that they only be required to produce the names and last known addresses in their possession.

The Court is not inclined to relieve Defendants of all responsibility for providing contact information for putative class members. But the Court agrees that under the circumstances, Plaintiffs' request is not feasible. Therefore, the Court **ORDERS** Defendants, within 14 days of entry of this Order, to provide Plaintiffs (in a legible format) with all contact information in Defendants'

6

possession for dancers who performed during the relevant time period. Of course, Plaintiffs are also welcome to file an Open Records Act request to supplement Defendants' information. The Court finds it is not unreasonable to allow 60 days for putative class members to return their consent forms.

With regard to the Proposed Notice, the Court **ORDERS** Plaintiffs to revise the Notice to reflect the following change: on page 4, "This Notice and its content have been authorized by the U.S. District Court, Northern District of Georgia, Honorable **Richard W. Story**."

## Conclusion

Based on the foregoing, Plaintiffs' Motion to Amend [4] is **GRANTED**, Plaintiffs' Motion for Conditional Class Certification [5] is **GRANTED**, Individual Defendants' Motion to Dismiss [10] is **DENIED as moot**, and Plaintiffs' Second Motion to Amend [20] is **GRANTED**.

**SO ORDERED**, this 26th day of June, 2014.

 /s/ Richard W. Story
 RICHARD W. STORY
 UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)