## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**BRITTANY M. THOMPSON,**
**JENNIFER R. HIGHT,**                          **CIVIL ACTION FILE**
**KATHERINE M. BELLOWS,**                  **NO. 1:14-CV-00390-RWS**
**AND DANIELLE L. MCELROY,**
*Individually and on behalf of all other*
*similarly situated who consent to their*
*inclusion in a collective action,*

      **Plaintiffs,**

**v.**

**1715 NORTHSIDE DRIVE, INC.**
**d/b/a DIAMOND CLUB, a corporation;**
**and C.B. JONES and KAREN KIRK,**
**individuals,**

      **Defendants.**


## INITIAL DISCLOSURES OF DEFENDANTS

COMES NOW DEFENDANTS 1715 NORTHSIDE DRIVE, INC., C.B. JONES and KAREN KIRK (sic) and pursuant to Fed.R.Civ.P. 26(a) and Local Rule 26.1, files their Initial Disclosures.

(1)   If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:     Defendant Karen Kirk (sic) is improperly identified.  Her correct name is Karen Caudle.  Defendant C.B. Jones is also improperly identified.  His correct name is C.B. Jones II.  Counsel for the individual Defendants will accept service of an amended Summons and Complaint reflecting the information furnished in this response.**

(2)    Provide the Names of any parties whom defendant contends are necessary parties to this action, but which have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE:     Defendants do not believe there is any issue of non-joinder. Defendants contend that not only have the individual Defendants been misidentified, but misjoined because they were not Plaintiffs' "employers" as that term is defined by the Fair Labor Standards Act ("FLSA").**

(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by the defendant in the responsive pleading.

**RESPONSE:     Plaintiffs are/were not "employees" of Defendants, nor were Defendants the Plaintiffs' "employer" as those terms are defined by the FLSA.  Therefore, Defendants have no legal obligation to pay Plaintiffs overtime wages or the federal minimum wage.  Assuming *arguendo* that Defendant 1715 Northside Drive, Inc. is/was Plaintiffs' "employer," Plaintiffs are/were exempt from the requirements of the FLSA under the**

artistic/creative professional exemption.   Regardless of the identified exemption, Plaintiffs each earned at least the federal minimum wage for tipped employees for each hour worked during the relevant time period.   On information and belief, Plaintiffs did not work overtime hours while performing for 1715 Northside Drive, Inc.

Plaintiffs' claims for wages which are more than two (2) years old are barred by the FLSA's statute of limitations because Plaintiffs will be unable to demonstrate any willful violation of the Act by Defendant.   To the extent Plaintiffs received monies in the form of service charges which belonged to Defendant 1715 Northside Drive, Inc., this Defendant is entitled to a credit or set-off against any minimum wage liability owed to Plaintiffs, since those service charges not only belonged to Defendant 1715 Northside Drive, Inc., but were taken into its gross receipts.   Moreover, not all of the time claimed by Plaintiffs was compensable work time.

Finally, to the extent Defendants have any liability at all to Plaintiffs under the FLSA, their actions (or inactions) were not willful (limiting the Statute of Limitations to two (2) years), and at all relevant times Defendants acted (subjectively and objectively) in a manner which they reasonably believed to be good faith compliance with the requirements of the FLSA, such that the Court should not award liquidated damages on any back wages which it determines are owed under the Act.

(4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE:     The Fair Labor Standards Act, its implementing regulations, and case law decided thereunder.**

(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.    (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:      See Attachment "A."**

(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:      See Attachment "B."**

(7)     Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses solely for

impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:**      **See Attachment "C."**

(8)    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:**

**None at this time, but Defendants reserve the right to recover their costs and/or attorneys' fees, if appropriate.**

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:**      **None.**

(10)   Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this

action or to indemnify or reimburse for payments made to satisfy the judgment.

(Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:**      **None.**

This 3rd day of July, 2014.

Respectfully submitted,

*/s/ Dean R. Fuchs*
SUSAN KASTAN MURPHEY
Georgia Bar No. 408498
skm@swtlaw.com

DEAN R. FUCHS
Georgia Bar No. 279170
drf@swtlaw.com

Attorneys for Defendants
C.B. Jones II and Karen Caudle

Schulten, Ward & Turner, LLP
260 Peachtree Street
Suite 2700
Atlanta, GA  30303
(404) 688-6800
(404) 688-6840 facsimile

*/s/ Herbert P. Schlanger*
Herbert P. Schlanger
GA Bar No. 629330

Attorney for Defendants
C.B. Jones II and Karen Caudle

LAW OFFICE OF HERBERT P. SCHLANGER
230 Peachtree Street, N.W. Suite 1890
Atlanta, GA 30303
Telephone: (404) 808-6659
Fax: (404) 745-0523

/s/ Eric Magnus
Eric R. Magnus
Georgia Bar No. 801405
magnuse@jacksonlewis.com

Erin J. Krinsky
Georgia Bar No. 862274
Erin.krinsky@jacksonlewis.com

Jackson Lewis, PC
1155 Peachtree Street, Suite 1000
Atlanta, GA 30309

Attorneys for Defendant
1715 Northside Drive, Inc.

## **ATTACHMENT A**

### **(INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION)**

1. Brittany M. Thompson, c/o Plaintiffs' counsel;

2. Jennifer R. Hight, c/o Plaintiffs' counsel;

3. Katherine M. Bellows, c/o Plaintiffs' counsel;

4. Danielle L. McElroy, c/o Plaintiffs' counsel;

5. Teresa Burns, c/o Plaintiffs' counsel

6. All other "opt-in" Plaintiffs who timely file consent forms in this civil action, c/o Plaintiffs' counsel;

7. 1715 Northside Drive, Inc. d/b/a Diamond Club, please contact through Defendants' counsel;

8. C.B. Jones II, 1400 Northside Drive, Atlanta, GA; c/o Defendants' counsel;

9. Karen Caudle, 1400 Northside Drive, Atlanta, GA; c/o Defendants' counsel;

10. Harry Hunt, 1715 Northside Drive, Atlanta, GA; c/o Defendants' counsel;

11. Victor Popovich,  c/o Eric Magnus, Esq./Erin Krinsky, Esq., Jackson Lewis, P.C., 1155 Peachtree Street, Suite 1000, Atlanta, GA 30309-3600, please contact only through Defendant 1715 Northside Drive, Inc.'s counsel;

12. Carmen Popovich, c/o Eric Magnus, Esq./Erin Krinsky, Esq., Jackson Lewis, P.C., 1155 Peachtree Street, Suite 1000, Atlanta, GA 30309-3600, please contact only through Defendant 1715 Northside Drive, Inc.'s counsel;

13. Other individuals who work and/or perform at Diamond Club whose identities have not yet been discovered.

# ATTACHMENT B

## (EXPERT WITNESSES)

Defendants have not yet identified any expert witness to testify in this action.   Defendants will seasonably supplement their response to these Initial Disclosures as required by law.

# ATTACHMENT C

## (DOCUMENTARY AND PHYSICAL EVIDENCE)

At this early stage of the civil action, Defendants reasonably anticipate relying upon the following documentary and physical evidence:

1.    Documents evidencing Plaintiffs' alleged damages;

2.    Documents evidencing Plaintiffs' hours worked/work schedule during the relevant time period;

3.    Documents evidencing Plaintiffs' compensation from Defendant;

4.    Documents reflecting the economic realities of Plaintiffs' business relationship with Defendant;

5.    Documents reflecting Defendant 1715 Northside Drive, Inc.'s VIP room records;

6.    Documents evidencing service charges taken into Defendant 1715 Northside Drive, Inc.'s gross receipts;

7.    Documents reflecting signed Independent Contractor Agreements;

8.    Documents evidencing Plaintiffs' performance-related issues;

9.    Documents evidencing Plaintiffs' self-employment;

Documents evidencing Defendant's good faith efforts to comply with the FLSA, including a letter from the U.S. Department of Labor confirming that its practices comply with the requirements of the FLSA.

# **ATTACHMENT E**

## **(INSURANCE POLICY)**

None.

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing **DEFENDANTS' INITIAL DISCLOSURES** by using the court's CM/ECF system to ensure delivery on all counsel/parties of record as follows:

W. Anthony Collins, Jr.
Anthony@smithcollinsllc.com

Matthew W. Herrington
Matthew@smithcollinsllc.com

Eric R. Magnus
magnuse@jacksonlewis.com

Erin J. Krinsky
erin.krinsky@jacksonlewis.com

Herbert P. Schlanger
hschlanger@bellsouth.net

This 3rd day of July, 2014.

/s/ Dean R. Fuchs
DEAN R. FUCHS
Georgia Bar No. 279170

Attorney for Defendants C.B. Jones II and Karen Caudle

Schulten Ward & Turner, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile