# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **BRITTANY M. THOMPSON,** ) | |
| **JENNIFER R. HIGHT,** ) | |
| **KATHERINE M. BELLOWS,** ) | |
| **and DANIELLE L. MCELROY,** ) | **CIVIL ACTION NO.** |
| **individually and on behalf of all** ) | **1:14-CV-00390-RWS** |
| **others similarly situated who** ) | |
| **consent to their inclusion in a** ) | |
| **collective action,** ) | |
| ) | |
| ) | **Jury Trial Demanded** |
| Plaintiffs, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **1715 NORTHSIDE DRIVE, INC.** ) | |
| **d/b/a Diamond Club, a corporation;** ) | |
| **and C.B. JONES and KAREN** ) | |
| **KIRK, individuals,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER OF DEFENDANT 1715 NORTHSIDE DRIVE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant 1715 Northside Drive, Inc. d/b/a Diamond Club ("Defendant" or the "Diamond Club") hereby answers Plaintiffs' Complaint as follows:

## NATURE OF THE ACTION

1.

Defendant acknowledges that the United States Congress has enacted wage

and hour laws.  Defendant further acknowledges that Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") on a collective basis to remedy alleged violations of the minimum hourly wage and overtime provisions of the FLSA. Defendant denies it has violated the FLSA, that collective treatment is appropriate, and that it has deprived Plaintiffs of the minimum and overtime wage, or that it has "employed" any of the Plaintiffs or putative class members.  Defendant denies all remaining allegations not expressly admitted or acknowledged contained in paragraph 1 of Plaintiffs' Complaint.

2.

Defendant acknowledges Plaintiffs allege violations of the FLSA on a collective basis to remedy alleged violations of the minimum hourly wage and overtime provisions of the FLSA.  Defendant denies it has violated the FLSA, that collective treatment is appropriate, that it has deprived Plaintiffs of the minimum and overtime wage, and that it has "employed" any of the Plaintiffs or putative class members.  Defendant denies all remaining allegations not expressly admitted or acknowledged contained in paragraph 2 of Plaintiffs' Complaint.

3.

Defendant acknowledges Plaintiffs have brought this action on a collective basis under the FLSA to remedy alleged violations of the minimum hourly wage

2

and overtime provisions of the FLSA.  Defendant denies it has violated the FLSA, that collective treatment is appropriate, that it has deprived Plaintiffs of the minimum and overtime wage, and that it has "employed" any of the Plaintiffs or putative class members.  Defendant denies all remaining allegations not expressly admitted or acknowledged contained in paragraph 3 of Plaintiffs' Complaint.

## <u>JURISDICTION AND VENUE</u>

4.

Defendant denies that 42 U.S.C. § 201, *et seq.* is the correct citation for the FLSA.  Defendant admits the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.

Defendant admits this Court has personal jurisdiction over Defendant and that Defendant is a business incorporated under the laws of the state of Georgia. Defendant denies all remaining allegations not expressly admitted or acknowledged contained in paragraph 5 of Plaintiffs' Complaint, including but not limited to Plaintiffs' allegation that Defendant has committed "wrongful acts."

6.

Defendant admits the allegations contained in paragraph 6 of Plaintiffs' Complaint.

## THE PARTIES

7.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 7. Defendant denies the allegations contained in the second and third sentences of paragraph 7. Defendant admits that it has never paid Plaintiff Thompson a wage of any kind and that she has given her consent to join this lawsuit.

8.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 8. Defendant denies the allegations contained in the second and third sentences of paragraph 8. Defendant admits that it has never paid Plaintiff Hight a wage of any kind and that she has given her consent to join this lawsuit.

9.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 9. Defendant denies the allegations contained in the second and third sentences of paragraph 9. Defendant admits that it has never paid Plaintiff Bellows a wage of any kind and that she has given her consent to join this lawsuit.

10.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 10. Defendant denies the allegations contained in the second and third sentences of paragraph 10. Defendant admits that it has never paid Plaintiff McElroy a wage of any kind and that she has given her consent to join this lawsuit.

11.

Defendant admits it is a Georgia corporation and can be served through its registered agent, Herbert P. Schlanger, at 230 Peachtree Street NW, Suite 1890, Atlanta, Georgia 30303. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of where Defendants C.B. Jones and Karen Kirk can be served. Defendant denies all remaining allegations not expressly admitted or acknowledged contained in paragraph 11 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

12.

Defendant admits that it owns and operates a strip club. Defendant denies all remaining allegations not expressly admitted contained in paragraph 12 of Plaintiffs' Complaint.

13.

The allegations contained in the first and last sentences of paragraph 13 of Plaintiffs' Complaint set forth legal conclusions rather than facts, and therefore do not require a response admitting or denying them.   Defendant admits the allegations contained in second sentence of paragraph 13 of Plaintiffs' Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

### 18.

Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-17 of this Answer.

### 19.

Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

### 20.

Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

### 21.

Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

### 22.

Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

### 23.

Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.

Defendant admits the allegations contained in the first sentence of paragraph 24 of Plaintiffs' Complaint.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of paragraph 24 of Plaintiffs' Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

26.

Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-25 of this Answer.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of Plaintiffs'
Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of Plaintiffs'
Complaint.

## <u>COUNT III</u>
## <u>COLLECTIVE ACTION ALLEGATIONS PURSUANT TO 29 U.S.C.</u>
## <u>§216(B)</u>

31.

Defendant re-alleges and incorporates by reference each and every response
set forth in paragraphs 1-30 of this Answer.

32.

Defendant denies the allegations contained in paragraph 32 of Plaintiffs'
Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of Plaintiffs'
Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of Plaintiffs'

Complaint.

## **PRAYER FOR RELIEF**

The remainder of the Complaint is a prayer for relief requiring neither admissions nor denials by Defendant.  To the extent, however, the prayer gives rise to any inference such relief is proper or that Plaintiffs or any purportedly "similarly situated" current or former "dancers" or "entertainers" who performed at the Diamond Club are entitled to any remedy or relief from Defendant, such inference is denied.

WHEREFORE, Defendant denies that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, are entitled to any relief whatsoever under the allegations set forth in the Complaint.  Defendant requests that the Court dismiss the claims with prejudice in their entirety and that Defendant be awarded costs, non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

In addition to the aforementioned denials, Defendant states the following affirmative and other defenses:

## **FIRST DEFENSE**

Plaintiffs' Collective Action Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiffs have failed to plead a *prima facie* case under the FLSA.

## THIRD DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that they seek damages beyond the applicable limitations period.

## FOURTH DEFENSE

Plaintiffs' claims, and those claims of any other persons on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred, in whole or in part, because they cannot establish that any acts or omissions of Defendant were willful under the FLSA.

## FIFTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred by the doctrines of laches, waiver, consent, accord, satisfaction, payment and/or release, and unclean hands and/or because of their conduct and actions.

## SIXTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred by their failure to mitigate damages.

## SEVENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, to the extent it is judicially determined that they were employees of Defendant (which Defendant denies), in whole or in part, are barred by the fact that they would be considered exempt employees under Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207, 213, including without limitation, because they were creative professional employees.

## EIGHTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## NINTH DEFENSE

Defendant's actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260. Thus, even if Defendant is found to have violated the FLSA, Plaintiffs are not entitled to liquidated damages under the FLSA.

## TENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, to the extent it is judicially determined that they were employees of Defendant (which Defendant denies), are barred by provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours they claim to have worked where they engaged in activities which were preliminary and postliminary to their principal activities.

## ELEVENTH DEFENSE

To the extent that Plaintiffs seek to certify a collective action under Section 16 of the FLSA, 29 U.S.C. § 216, Plaintiffs' allegations do not comply with the requirements for a collective action and must be dismissed because any putative plaintiffs are not similarly situated and, thus, cannot proceed collectively.

## TWELFTH DEFENSE

Even if Defendant is found to have violated the FLSA, any such violations are inherently individualized, and require analysis of the earnings of each Plaintiff. For this reason, Plaintiffs' claims cannot be decided collectively.

## THIRTEENTH DEFENSE

Plaintiffs' claims under the FLSA are barred by application of the doctrine of payment.  Plaintiffs and all other persons on whose behalf Plaintiffs seek to assert a claim, have been paid all monies due.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under Sections 10 and/or 11 of the Portal-to-Portal Act, 29 U.S.C. §§ 259, 260.

## FIFTEENTH DEFENSE

All or part of Plaintiffs' claims are barred by the after-acquired evidence doctrine.

## SIXTEENTH DEFENSE

Defendant is entitled to any and all set offs permitted by law.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they never performed in a club owned or operated by Defendant.

14

## EIGHTEENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that they seek damages from Defendant for time periods in which they performed at a club owned or operated by Defendant's predecessor owners.

## NINETEENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred because they were never "employed" by Defendant under 29 U.S.C. § 203(d).

## TWENTIETH DEFENSE

Plaintiffs' claims for injunctive relief are barred to the extent Plaintiffs no longer perform in any club owned or operated by Defendant.

Defendant reserves the right to amend this Answer, to add any affirmative or other defenses, or to withdraw defenses as deemed warranted after reasonable opportunity for discovery.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests:

(1)   judgment entered in favor of Defendant and this action dismissed with prejudice;

15

(2)     judgment entered in favor of Defendant for all costs and attorneys' fees incurred by it in the defense of this action; and

(3)     such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

Counterclaimant Defendant 1715 Northside Drive, Inc. d/b/a Diamond Club ("Diamond Club") brings its counterclaims against the Plaintiffs and alleges as follows:

## JURISDICTION AND VENUE

1.

These counterclaims are compulsory counterclaims and this Court therefore has jurisdiction over their subject matter.  Venue and personal jurisdiction is proper in this Court because the Plaintiffs initiated this action in this Court.

## PARTIES

2.

Diamond Club is a domestic corporation authorized and doing business in Georgia.

3.

Plaintiffs are current and former exotic dancers who, at various times, and for varying lengths of time, performed at Diamond Club.

16

## FACTS

4.

Many dancers signed an Independent Contractor Agreement when they began performing at Diamond Club.  *See* Exhibit A.

5.

Other dancers who did not sign the Independent Contractor Agreement verbally agreed with Diamond Club to be treated as independent contractors and to perform for Diamond Club's customers for a combination of customer tips and retaining Diamond Club's service charges for table-side and VIP-area dances, which are mandatory charges imposed by Diamond Club on its customers for the entertainment services provided by the exotic dancers.

6.

Those dancers who signed the Independent Contractor Agreement or otherwise agreed to be treated as independent contractors represented and agreed to: (a) furnish all of the labor and materials required to perform as an entertainer for Diamond Club as an Independent Contractor; (b) perform all work in a competent and skillful manner according to standard industry practices; (c) accept certain forms of payment for performing as an Independent Contractor; and (d)

indemnify and hold Diamond Club harmless from any claims or liabilities arising from her work under this Agreement.

7.

By making certain representations in the Independent Contractor Agreements or otherwise making such representations, Diamond Club was entitled to, and did, in fact, rely upon those representations made by those Plaintiffs.

8.

At all relevant times, those dancers who signed Independent Contractor Agreements or otherwise agreed to be treated as independent contractors represented that they desired to enter into an agreement with Diamond Club under the financial terms mutually agreed upon by the parties.

9.

The agreements, both oral and written, provided that the dancers would keep tips paid to them by Diamond Club's customers.

10.

The agreements, both oral and written, had lawful objectives and there was valid consideration flowing to each party to the agreements.

11.

Regardless of whether Plaintiffs signed an Independent Contractor Agreement or not, during each dancer's table-side and VIP-area performances, Diamond Club charged its customers mandatory, fixed service charges. Diamond Club's customers were permitted, but not required, to give a dancer a "tip" or "gratuity" over and above the mandatory service fee for each table-side or VIP-area dance she performed, at the customer's discretion.

12.

Regardless of whether Plaintiffs signed an Independent Contractor Agreement or not, during each dancer's table-side and VIP-area performances, the dancer performed individual exotic dances for Diamond Club's customers, and collected the mandatory service fees (plus any tip) for each dance performed.

13.

Regardless of whether Plaintiffs signed an Independent Contractor Agreement or not, Diamond Club allowed dancers to keep its service fees, rather than requiring the service fees be remitted by dancers following each table-side or VIP-area dance.

14.

Diamond Club has taken these service fees/service charges into its gross receipts.

15.

During each of the dancers' performance dates, they collected service fees/service charges which met or exceeded the minimum wage obligations of the FLSA, exclusive of the tips they earned from Diamond Club's customers.

## COUNT I – BREACH OF CONTRACT

16.

By demanding compensation inconsistent with the language contained in the Independent Contractor or verbal Agreements, Plaintiffs have repudiated and breached same, and Diamond Club is entitled to damages in an amount to be specifically proven at trial.

17.

Alternatively, regardless of whether or not Plaintiffs signed an Independent Contractor Agreement with the Diamond Club, by demanding compensation inconsistent with their agreement, Defendant is entitled to damages in an amount to be specifically proven at trial from Plaintiffs that have repudiated and breached their agreements with Diamond Club, including but not limited to Defendant's fees

and cost in defending this action, which are proximately caused by Plaintiffs breach of the oral and written agreements.

18.

At all relevant times, Defendant has complied with its duties and obligations under the terms of its agreements with Plaintiffs.

## <u>COUNT II – UNJUST ENRICHMENT</u>

19.

Regardless of whether or not Plaintiffs signed the Independent Contractor Agreement or had an oral agreement with the Diamond Club to be treated as independent contractors, to the extent Plaintiffs collected, retained for themselves Diamond Club's mandatory service charges, and did not remit them to Diamond Club, Plaintiffs have been unjustly enriched by the amount of Diamond Club's service charges improperly retained, in an amount to be specifically proven at trial.

WHEREFORE, Diamond Club demands judgment against each Plaintiff individually on its counterclaims in such amount as the jury may determine will adequately compensate it for each Plaintiff's breach of her agreement with Diamond Club, and/or for unjust enrichment, for its costs of this action, reasonable attorneys' fees and for such other relief as the Court deems appropriate.

21

Respectfully submitted this 10th day of July, 2014.

*/s/ Erin J. Krinsky*
Eric R. Magnus
Georgia Bar No. 801405
magnuse@jacksonlewis.com
Erin J. Krinsky
Georgia Bar No.  862274
erin.krinsky@jacksonlewis.com
Jackson Lewis, P.C.
1155 Peachtree Street, Suite 1000
Atlanta, Georgia 30309

**Counsel for Defendant
1715 Northside Drive, Inc.**

## CERTIFICATION

In accordance with LR 5.1C, NDGa, I hereby certify that this document has

been prepared in 14 point, Times New Roman font.

*/s/ Erin J. Krinsky*
Erin J. Krinsky
Georgia Bar No.  862274

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **BRITTANY M. THOMPSON,** | ) | |
| **JENNIFER R. HIGHT,** | ) | |
| **KATHERINE M. BELLOWS,** | ) | |
| **and DANIELLE L. MCELROY,** | ) | **CIVIL ACTION NO.** |
| **individually and on behalf of all** | ) | **1:14-CV-00390-RWS** |
| **others similarly situated who** | ) | |
| **consent to their inclusion in a** | ) | |
| **collective action,** | ) | |
| | ) | **Jury Trial Demanded** |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **1715 NORTHSIDE DRIVE, INC.** | ) | |
| **d/b/a Club Babes, a corporation;** | ) | |
| **and C.B. JONES and KAREN** | ) | |
| **KIRK, individuals,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I certify that on July 10, 2014, I electronically filed the foregoing **ANSWER OF DEFENDANT 1715 NORTHSIDE DRIVE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

W. Anthony Collins, Jr., Esq.
SMITH COLLINS, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA  30350

Herbert P. Schlanger, Esq.
LAW OFFICES OF HERBERT P. SCHLANGER
230 Peachtree Street, N.W.
Suite 1890
Atlanta, GA 30303

W. Scott Schulten, Esq.
Susan K. Murphey, Esq.
Dean R. Fuchs, Esq.
SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303

*/s/ Erin J. Krinsky*
Erin J. Krinsky
Georgia Bar No.  862274

4850-2538-7292, v.  1

2