IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITTANY M. THOMPSON et al., | : :  : |
| Plaintiffs, | : : |
| v. | :   CIVIL ACTION NO. : 1:14-CV-00390-RWS |
| 1715 NORTHSIDE DRIVE, INC. et al., | : : : |
| Defendants. | : : |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Dismiss the Counterclaims of Defendant 1715 Northside Drive, Inc. [48]. After reviewing the record, the Court enters the following Order.

## **Background**

This collective action arises out of Defendant's alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207, 216(b). Defendant 1715 Northside Drive, Inc. ("Defendant") operates the Diamond Club, a strip club that provides nude dancers and other entertainment to its customers. (Pls.' 2d Am. Compl., Dkt. [34] ¶ 12.) Plaintiffs are dancers who seek to recover

unpaid wages, unpaid overtime wages, and other wages.  (Id. ¶ 3.)  For at least the past three years, Defendant has classified the dancers employed at the club, including Plaintiffs, as independent contractors.  (Id. ¶ 14.)  Many dancers signed an Independent Contractor Agreement while performing at Diamond Club, while other dancers verbally agreed with Diamond Club to be treated as independent contractors.  (Def.'s Answer to Pls.' 2d Am. Compl. & Countercl. ("Def.'s Answer & Countercl."), Dkt. [43] at 17.)

Club management requires that every dancer work at least three days per week.  (Pls.' 2d Am. Compl., Dkt. [34] ¶ 15.)  Club management retains the authority to: designate when all dancers' shifts begin; control the costumes worn by all dancers; control the content of dancers' performances on stage, including how many songs the dancers must perform and how many rotations on stage they must perform per shift; and decide whether dancers may entertain customers in VIP rooms.  (Id.)

In return for entertainment services provided, dancers received customer tips and retained Diamond Club's mandatory service charges for table-side and VIP dances.  (Def.'s Answer & Countercl., Dkt. [43] at 17.)  In their Complaint, Plaintiffs allege that Defendant has failed to pay Plaintiffs and other similarly

2

situated employees any wages at all, including minimum wages or overtime wages as required by 29 U.S.C. §§ 201, 207.  (Pls.' 2d Am. Compl., Dkt. [34] ¶¶ 17, 27.)  In addition, Plaintiffs allege that Defendant is liable to Plaintiffs, and any and all similarly situated employees, for their respective unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).  (Id. ¶ 30.)  Defendant claims that Plaintiffs were compensated in return for the entertainment services provided by the dancers, and filed a Counterclaim for breach of contract and unjust enrichment.  (Def.'s Answer & Countercl., Dkt. [43] at 20–21.)  Plaintiffs now move to dismiss Defendant's Counterclaim for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Procedure ("Rule") 12(b)(6).  (Pls.' Mot. to Dismiss Def.'s Countercl. ("Pl.'s Mot. to Dismiss"), Dkt. [48] at 1–3.)  The Court sets out the legal standard governing a Rule 12(b)(6) motion to dismiss before considering Plaintiffs' motion on the merits.

## Discussion

### I.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to

3

relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Of course, on a motion to dismiss counterclaims, the facts and reasonable inferences are

4

construed in favor of the counterclaimant, Defendant here.  See Carroll v. Primerica Financial Servs. Ins. Marketing, 811 F. Supp. 1558, 1567 (N.D. Ga. 1992).  Using this legal standard, the Court considers Plaintiffs' Motion to Dismiss.

## II.     Analysis

In its breach of contract counterclaim, Defendant alleges that by demanding compensation inconsistent with the language contained in written or verbal agreements that Plaintiffs would serve as independent contractors (the "Independent Contractor Agreements"), Plaintiffs have repudiated and breached those agreements.  (Def.'s Answer & Countercl., Dkt. [43] at 20.)  Defendant also claims that, regardless of whether Plaintiffs entered into Independent Contractor Agreements, Plaintiffs retained Diamond Club's mandatory service charges and therefore,  Plaintiffs have been unjustly enriched by the amount of Diamond Club's service charges improperly retained.  (Id. at 21.)  Defendant also claims that Defendant seeks damages from Plaintiffs, including but not limited to Defendant's fees and costs in defending this action, which Defendant claims are proximately caused by Plaintiffs breach of the oral and written agreements.  (Id. at 20.)  Plaintiffs move to dismiss the breach of contract and

unjust enrichment counterclaim on grounds (1) that Defendant failed to identify any Plaintiff who entered into an Independent Contractor Agreement, (2) that this counterclaim seeks an impermissible set-off or recoupment, and (3) that the agreements are void as illegal.  The Court considers each contention in turn.

    A.    <u>Failure to identify contracts</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs move to dismiss the breach of contract  counterclaim on grounds that Defendant failed to identify a named Plaintiff or opt-in Plaintiff who entered into an oral or written Independent Contractor Agreement, and accordingly, Defendant does not state a claim upon which relief may be granted.

For a valid contract to exist, Georgia law requires an offer, acceptance, and valuable consideration.  <u>Simpson & Harper v. Sanders & Jenkins</u>, 130 Ga. 265, 269–70 (1908).  Defendant contends that the Independent Contractor Agreements were either signed by or verbally agreed to by the Dream entertainers, including Plaintiffs, and thus constitute valid contracts.  (Def.'s Answer & Countercl., Dkt. [43] at 17.)  But Plaintiffs argue that Defendant failed to establish that any valid contract ever existed with respect to any Plaintiff.

6

While Defendant did not specify which Plaintiffs signed and which verbally agreed to the Independent Contractor Agreements, Defendant alleges that "[m]any dancers" entered into written agreements, while "[o]ther dancers" verbally agreed to them. (Id.) Because the Court must take Defendant's allegations in the counterclaim as true, the Court cannot dismiss Defendant's counterclaims on the grounds that there were no valid Independent Contractor Agreements, whether made verbally or in writing, between Plaintiffs and Defendant. Cooper v. Pate, 378 U.S. 546, 546 (1964); Bryant, 187 F.3d at 1273 n.1.

B.   Impermissible set-off or recoupment

Plaintiffs next contend that Defendant's breach of contract and unjust enrichment counterclaims must be dismissed because they seek a set-off or recoupment that may not be sought in an FLSA proceeding. "Set-offs against back pay awards deprive the employee of the cash in hand contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions. . . ." Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974) (internal quotations marks omitted); see also Marshall v. Wallace Oil Co., No. C80-451A, 1980 WL 2101 at *2 (N.D. Ga. Sept. 19,

7

1980) (holding that neither set-offs nor recoupments are permitted in an action for unpaid back wages under the FLSA).  An exception to this general rule occurs when the set-off will not cause the employee's wages to go below the statutory minimum.  Moura v. Culinary Advisors, Inc., No. 13–80780–CIV, 2014 WL 979104, at *2 (S.D.Fla. Mar. 13, 2014) ("Brennan does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum.").  Plaintiff contends that Defendant has not asserted that it prepaid or overpaid wages to Plaintiffs or any other dancers and therefore, if a set-off were allowed, Plaintiffs' wages would fall below the statutory minimum.  But Plaintiffs received service charges established by Dreams and paid by its customers.  (Def.'s Resp. to Pls.' Mot. to Dismiss, Dkt. [61] at 6.)   As a result, Defendant contends that Plaintiffs' earnings already exceed the minimum wage required by law.

Set-offs against FLSA claims for overtime pay are expressly allowed in the Eleventh Circuit.  Kohlheim v. Glynn Cnty., 915 F.2d 1473, 1481 (11th Cir. 1990) (permitting defendant to set-off all of the previously paid overtime premiums against overtime compensation found to be due and owing during the damages phase of the trial).  Accordingly, Defendant's counterclaim is not due

8

to be dismissed simply because it can be characterized as a set-off or recoupment. At this stage of the proceeding, the Court declines to dismiss Defendant's counterclaim on that basis; however, Defendant's claims for damages and attorney's fees may be impermissible to the extent they seek money not previously paid to Plaintiffs. "[O]nly set-offs involving cash payments to Plaintiffs are permitted." Geter v. Galardi S. Enterprises, Inc., No. 14-21896-CIV, 2014 WL 4290550, at *4 (S.D. Fla. Aug. 29, 2014).

### C. Illegality

Finally, Plaintiffs assert that Defendant's breach of contract and unjust enrichment counterclaims must fail because this Court lacks authority to enforce the terms of an illegal contract, or to provide equitable relief for damages suffered in the performance of an illegal contract.

Plaintiffs contend that if the Court finds them to be employees and not independent contractors, then a breach of contract claim resting on the oral and written independent contractor agreements will have no effect. (Pl.'s Mot. to Dismiss, Dkt. [48] at 13.) Moreover, Plaintiffs argue that Defendant has suffered no loss if the Plaintiffs are found to be independent contractors. (Id.) Accordingly, Defendant's claim will fail regardless of how this Court rules on

9

the issue of Plaintiffs' status under the FLSA.  In addition, Plaintiffs argue that Defendant cannot assert it has been harmed by Plaintiffs' lawsuit and the renunciation of the terms of the independent contractor agreements because the assertion of rights under the FLSA is an activity protected by federal law and any contractual waiver of that right will be held unenforceable.  (Id. at 13–14) (citing Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728 (1981)).

While "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute," allowing Defendant to bring a breach of contract counterclaim does not limit Plaintiffs' rights under the FLSA, specifically the access to the courts granted in the FLSA's statutory enforcement scheme.  Barrentine, 450 U.S. at 740.  The FLSA is designed to ensure that employees are protected from substandard wages and oppressive working hours.  Id.  Defendant's counterclaims do not abridge Plaintiffs' rights under the FLSA such that they must be dismissed at this state of the litigation.

Additionally, Plaintiffs assert that Defendant has alleged no set of facts that would entitle Defendant to the return of any service fees should Plaintiffs' FLSA claims fail.  Plaintiffs argue that if they are found to be independent contractors, Defendant is not entitled to the return of any service fees.  On the

10

other hand, if Plaintiffs are found to be employees, Defendant cannot collect service fees because Georgia law does not permit recovery of monies paid pursuant to an illegal contract.  Hanley v. Savannah Bank & Trust Co., 208 Ga. 585, 587 (1952).  Therefore, Plaintiff argues, Defendant's counterclaim for unjust enrichment must be dismissed.

Under Georgia law, "[a] contract to do an immoral or illegal thing is void." O.C.G.A. § 13-8-1.  As such, if the Court classifies Plaintiffs as employees, the Independent Contractor Agreements are void because terms of the Agreements contain illegal compensation arrangements under the FLSA. But even if the Independent Contractor Agreements are found void, Defendant may still seek to set-off its minimum and overtime wage liability with prior payment of performance service charges.  Hart, 967 F. Supp. 2d at 928–32 (finding that service charges offset employers' statutory minimum wage duties). As a result, the Court will not dismiss Defendant's unjust enrichment counterclaims at this stage in the proceeding.

Nothing in this Court's Order should be read to suggest that Defendant is entitled to damages under its counterclaims.  The Court simply holds that Plaintiffs have failed to carry their burden to show that Defendant is not entitled

11

to relief under any set of facts as alleged in its counterclaim, and therefore that Plaintiffs' Motion to Dismiss is **DENIED**.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Dismiss Counterclaims of Defendant 1715 Northside Drive, Inc. [48] is **DENIED**.

**SO ORDERED**, this   30th   day of March, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)