IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRITTANY M. THOMPSON et al., | : : : | |
| Plaintiffs, | : : | |
| v. | : : : | CIVIL ACTION NO. 1:14-cv-00390-RWS |
| 1715 NORTHSIDE DRIVE, INC. et al., | : : : | |
| Defendant. | : : : | |

## ORDER

This case comes before the Court on Plaintiffs' Motion for Leave to Amend Plaintiffs' Second Amended Complaint [67]. After reviewing the record, the Court enters the following order.

### Background

This is a conditionally certified collective action brought pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) for alleged minimum wage and overtime violations by Dreams Gentlemen's Club. Plaintiffs filed the Complaint on February 10, 2014 [1]. Plaintiffs then filed their Motion for

Leave to Amend [4] and Motion for Conditional Class Certification [5]. Defendants moved to dismiss on March 4, 2014 [10].  Plaintiffs responded to Defs.' Motion to Dismiss on March 21, 2014 and sought to correct a jurisdictional deficiency by filing a Second Amended Complaint [4], which the Court construed as a motion for leave to amend.  The Court granted both of Plaintiffs' Motions to Amend, denied Defendant's Motion to Dismiss as moot, and granted conditional class certification.

On July 20, 2014, Defendant 1715 Northside Drive, Inc. filed its Answer and Counterclaims [43].   Plaintiffs answered Defendant's Counterclaims [46] and moved to dismiss [48], which the Court denied [94].  On August 11, 2014, Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and Request for Immediate Hearing, and Motion for Leave to Amend With Incorporated Memorandum of Law [55].  The Court's August 19, 2014 Order [63] stated that Plaintiffs should file an amended motion for leave to file an amended complaint to seek to add retaliation claims on behalf of Plaintiff Wittenmyer and Plaintiff Thompson.

Plaintiffs now move this Court to grant leave to amend Plaintiffs' Second Complaint to: (1) add Defendants A-1 Entertainment, LLC and Carmen

AO 72A
(Rev.8/82)

Popovitch; (2) add claims against 1715 Northside Drive, Inc., A-1 Entertainment, LLC, and Carmen Popovitch for retaliation in violation of 29 U.S.C. § 215(a)(3); and (3) add claims against all defendants for violations of 26 U.S.C. § 7434 fraudulent filing of tax information returns.  (Mot. for Leave to Amend Pls.' 2d Amend. Compl., Dkt. [67] at 1.)  The Court sets out the legal standard governing a motion for leave to amend before considering Plaintiffs' motion on the merits.

## Discussion

### I.  Legal Standard

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within twenty-one days after service of the pleading, or, if the pleading requires a response, within twenty-one days after service of a responsive pleading or motion filed under Rule 12(b), (e), or (f).  Otherwise, under Rule 15(a)(2), the party must seek leave of court or the written consent of the opposing parties to amend.  Rule 15(a)(2) directs the Court, however, to "freely give leave when justice so requires."  Despite this instruction, however, leave to amend is "by no means automatic." Layfield v.

3

Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[1] Instead, the trial court has "extensive discretion" in deciding whether to grant leave to amend. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir.1999).

Under Federal Rule of Civil Procedure 16(b), if a plaintiff seeks leave to amend its complaint after a deadline set forth in the scheduling order, the plaintiff must demonstrate good cause for the failure to comply with a scheduling order. S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir.2009). Additionally, a trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." Id. A claim is futile if it cannot withstand a motion to dismiss. Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir.1996); see Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir.1999) (futility is another way of saying "inadequacy as a matter of law"). That is, leave to amend will be denied "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

AO 72A
(Rev.8/82)

**II.    Plaintiff's Motion for Leave to Amend Second Amended Complaint [67]**

Both parties entered into a scheduling order on July 8, 2014, setting a deadline to amend or supplement pleadings of August 7, 2014.  (Joint Preliminary Report and Discovery Plan, Dkt. [38] at 8.)  Plaintiffs, however, did not file their Motion for Leave to Amend the Second Amended Complaint until September 9, 2014, almost six weeks after the deadline to amend or supplement the pleadings.  (Id.)  As such, Plaintiffs must demonstrate "good cause" for failure to comply with the scheduling order's deadlines.  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

The Court finds, however, that Plaintiffs failed to demonstrate "good cause," or any cause, for their failure to comply with the scheduling order.  See, eg., McKeever v. Liberty Mut. Grp. Inc., 487 F. App'x 487, 488 (11th Cir. 2012) (finding that plaintiff failed to demonstrate "good cause" for failure to comply with the scheduling order when he simply stated that there was no

5

"undue delay" after moving for leave to amend his amended complaint over six weeks after the deadline adopted by the district court). Similarly, in the case at bar, Plaintiffs offer no good cause reason why they could not file leave to amend within the scheduling deadline.

The good cause standard, therefore, precludes modification of the scheduling order, unless the scheduling order "cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418 (internal citation omitted). Here, the schedule could have been met if Plaintiffs acted diligently, because the facts underlying Plaintiffs' proposed claims existed at or before the scheduling order deadline. S. Grouts & Mortars, Inc., 575 F.3d at 1242 (denying motion for leave to amend when plaintiff "lacked diligence . . . because it waited . . . to file a motion to amend its complaint with information that it had known over a month.").

Plaintiffs indicated in their Joint Preliminary Report and Discovery Plan, submitted on July 3, 2014, that Plaintiffs intended to add A-1 Entertainment, LLC and Ms. Popovitch as defendants in this matter. Yet, Plaintiffs still failed to timely meet the scheduling order deadline set for more than a month later.

6

In addition, Plaintiffs' claim for fraudulent filing of tax information could have been filed before the scheduling order deadline. Plaintiffs' claim involves the alleged misclassification of employees as independent contractors at Diamond Club over the past six years. (Pls.' Mot. for Leave to Amend Pls.' 2d Amend. Compl., Dkt. [67] at 7.) As such, the facts giving rise to the claims for civil damages for fraudulent filing of tax information were known to the Plaintiffs far in advance of the scheduling order deadline.

Furthermore, Plaintiffs' claims state that Plaintiff Thompson and Plaintiff Wittenmyer were retaliated against in March 2014 and July 2014 respectively. Both of these dates fall before the scheduling order deadline to amend or supplement pleadings. As such, the Court finds that if Plaintiffs had acted with diligence, Plaintiffs could have filed a timely motion to amend the complaint. Kendall v. Thaxton Rd. LLC, 443 F. App'x 388, 393 (11th Cir. 2011) (upholding the district court's decision to deny plaintiff's motion to amend when the motion was over two months after the deadline set by the district court and the facts with which the plaintiff wished to amend his complaint were known to the plaintiff at the time he filed his initial complaint).

7

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Leave to Amend Plaintiff's Second Amended Complaint [67] is **DENIED**.

**SO ORDERED**, this   22nd   day of April, 2015.

*[signature]*

**RICHARD W. STORY**
United States District Judge