IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRITTANY M. THOMPSON et al.,

     Plaintiffs,

     v.

1715 NORTHSIDE DRIVE, INC. et al.,

     Defendant.

Civil Action No. 1:14-cv-00390-RWS

## JOINT MOTION TO APPROVE SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Plaintiffs Brittany Thompson, Jennifer Hight, Danielle McElroy and Katherine Bellows  (the "Named Plaintiffs", and all other individuals who have opted into this collective action (the "Opt-In Plaintiffs") ("Named Plaintiffs" and "Opt-In Plaintiffs" collectively referred to as "Plaintiffs"), and Defendant C.B. Jones, II[1], ("Jones" or "Defendant"), by and through their respective undersigned counsel of record, and move this Court to approve the Parties' stipulated settlement set forth herein, as required by the FLSA, and to enter the stipulated

---

[1] This Settlement Agreement only applies to Defendant C.B. Jones, II.  No claims will be released against any other party pursuant to this Settlement Agreement and no Defendant other that C.B. Jones is a party to this settlement agreement.

Order Approving Settlement prepared and contemporaneously submitted by the Parties' respective counsel. This settlement contemplates payment to the individual Plaintiffs for their purported FLSA damages and provides for payment of attorneys' fees and costs incurred in the prosecution of this lawsuit. In support of this Motion, the Parties jointly represent to the Court as follows:

## I. <u>SETTLEMENT OF FLSA CLAIMS IN THE ELEVENTH CIRCUIT</u>

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.* v. *United States,* 679 F.2d 1350,1353 (11 th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.* In addressing the circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

## II.   **THE PARTIES' SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE BONA FIDE DISPUTES BETWEEN THE PARTIES**

Following good faith, arms-length negotiations, and with the assistance of a mediator with decades of experience in FLSA cases, the Parties have reached a settlement of all claims. Due to the uncertainties of litigation, disputed facts regarding whether Plaintiffs were "independent contractors" not entitled to overtime from Defendant, and the benefit to both Parties in avoiding the expense and time associated with further litigation, the Parties have agreed to settle this matter. The proposed settlement arises out of an FLSA collective action brought by Plaintiffs against Defendant, which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs were represented by experienced

counsel. The Parties agree that the instant action involves heavily disputed issues regarding whether Plaintiffs, who performed as exotic dancers, qualify as "employees" or "independent contractors", and whether Mr. Jones personally had any liability towards the Plaintiffs.

The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and their counsel discussed Plaintiffs' possible regular and overtime hours and pay rate and formulated proposed settlement figures. The Parties engaged in settlement discussions, via mediation, based upon their independent valuations of the case. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Plaintiffs and Defendant have signed the Settlement Agreement and General Release setting forth the terms of the settlement.

The Settlement Agreement and General Release which includes a chart setting forth the names of the Plaintiffs and the negotiated amount to be paid in settlement for each, as analyzed, calculated, and consented to by the Parties ("Settlement Agreement"), is being contemporaneously submitted to the Court for

review. In addition to Initial Disclosures, counsel for the Parties have exchanged data in connection with the evaluation and negotiation of this settlement.

The Parties negotiated, determined, and calculated the amounts to be paid to each Plaintiff as set forth in the Settlement Agreement. The resultant amount was then divided into installment payments.

Defendant denies any liability whatsoever, but recognizes that Plaintiffs' claims would require thousands of dollars to litigate to final judgment and that a "take nothing" judgment by summary judgment or by jury trial would be uncertain. Plaintiffs share Defendant's concerns about litigation costs, the inherent difficulty of testimony-based offers of proof, and, ultimately, the uncertainty of a jury verdict in their favor, or the extent of the same.

Each party to this Agreement has had a full, informed opportunity to review and analyze the individualized damage calculations made by the other party. While the Parties are not in agreement about all the inferences that might properly be drawn from the evidence, they are confident that continued litigation of this case would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.

Plaintiffs have also had the opportunity to review Defendant's finances. Based on Defendant's current financial state, Plaintiffs believe that the amounts

they will receive pursuant to this settlement reflect a substantial portion of, or more than, what they could expect to recover if they were to prevail at trial, and then engage in collection efforts. Moreover, the attorneys' fees figure referenced in the Parties' Settlement Agreement takes into account the fact that Plaintiff's Counsel will be required to administer the payment of Settlement Proceeds to Plaintiffs. Counsel for Plaintiffs hereby affirm that they have reviewed the settlement terms with Plaintiffs, and that Plaintiffs understand its contents and wish the court to approve it.

The Parties respectfully request that the Court approve the Parties' Settlement as a fair and reasonable disposition of the claims and defenses asserted in this action against Defendant Jones; and approve the releases, payment of attorneys' fees and costs, and itemized monetary distribution to Plaintiffs as set forth in the Settlement Agreement by entering the Order Approving Settlement submitted contemporaneously herewith**.**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs certifies that the foregoing has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 13th day of May 2015.

SMITH, COLLINS & FLETCHER, P.A.


                                              /s/ W. Anthony Collins, Jr.
8565 Dunwoody Place                           W. Anthony Collins, Jr.
Building 15 Suite B                           Georgia Bar No. 141712
Atlanta, GA 30350
Phone: (678) 245-6785                         *Attorney for Plaintiffs and*
Fax: (888) 413-3031                           *Opt-in Plaintiffs*
*Anthony@SCandF.com*


LAW OFFICES OF HERBERT P. SCHLANGER

                                              /s/ Herbert P. Schlanger
230 Peachtree Street, N.W.                    Herbert P. Schlanger
Suite 1890                                    Georgia Bar No. 629330
Atlanta, GA 30303
Phone: (404) 808-6659                         *Attorney for Defendant C.B. Jones*
Fax: (404) 745-0523

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ASHLIE L. BRANCH,

      Plaintiff,

    v.

1715 NORTHSIDE DRIVE, INC. et al.,

      Defendants.

Civil Action No. 1:14-CV-0960-TCB

## JOINT MOTION TO APPROVE SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Plaintiff Ashlie L. Branch ("Plaintiff") and Defendant C.B. Jones, II[1], ("Jones" or "Defendant") by and through their respective undersigned counsel of record, and move this Court to approve the Parties' stipulated settlement set forth herein, as required by the FLSA, and to enter the stipulated Order Approving Settlement prepared and contemporaneously submitted by the Parties' respective counsel. This settlement contemplates payment to Plaintiff for her purported FLSA damages and provides for payment of attorneys' fees and costs incurred in the

---

[1] This Settlement Agreement only applies to Defendant C.B. Jones, II.  No claims will be released against any other party pursuant to this Settlement Agreement and no Defendant other that C.B. Jones is a party to this settlement agreement.

prosecution of this lawsuit. In support of this Motion, the Parties jointly represent to the Court as follows:

### III.   SETTLEMENT OF FLSA CLAIMS IN THE ELEVENTH CIRCUIT

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.* v. *United States,* 679 F.2d 1350,1353 (11 th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.* In addressing the circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a

mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

## IV.   THE PARTIES' SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE BONA FIDE DISPUTES BETWEEN THE PARTIES

Following good faith, arms-length negotiations, and with the assistance of a mediator with decades of experience in FLSA cases, the Parties have reached a settlement of all claims. Due to the uncertainties of litigation, disputed facts regarding whether Plaintiff was an "independent contractor" not entitled to overtime from Defendant, and the benefit to both Parties in avoiding the expense and time associated with further litigation, the Parties have agreed to settle this matter. The proposed settlement arises out of an FLSA action brought by Plaintiff against Defendant, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel. The Parties agree that the instant action involves heavily disputed issues regarding whether Plaintiff, who performed as an exotic dancer, qualifies as an "employee" or "independent contractor", and whether Mr. Jones personally had any liability towards the Plaintiff.

3

The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and her counsel discussed Plaintiff's possible regular and overtime hours and pay rate and formulated proposed settlement figures. The Parties engaged in settlement discussions, via mediation, based upon their independent valuations of the case. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Plaintiff and Defendant have signed the Settlement Agreement and General Release setting forth the terms of the settlement.

The Settlement Agreement and General Release which includes a chart setting forth the names of the Plaintiffs in this and other actions settled simultaneously with Defendant, and the negotiated amount to be paid in settlement for each, as analyzed, calculated, and consented to by the Parties ("Settlement Agreement"), is being contemporaneously submitted to the Court for review. In addition to Initial Disclosures, counsel for the Parties have exchanged data in connection with the evaluation and negotiation of this settlement.

The Parties negotiated, determined, and calculated the amounts to be paid to Plaintiff as set forth in the Settlement Agreement. The resultant amount was then divided into installment payments.

Defendant denies any liability whatsoever, but recognizes that Plaintiff's claims would require thousands of dollars to litigate to final judgment and that a "take nothing" judgment by summary judgment or by jury trial would be uncertain. Plaintiff shares Defendant's concerns about litigation costs, the inherent difficulty of testimony-based offers of proof, and, ultimately, the uncertainty of a jury verdict in their favor, or the extent of the same.

Each party to this Agreement has had a full, informed opportunity to review and analyze the individualized damage calculations made by the other party. While the Parties are not in agreement about all the inferences that might properly be drawn from the evidence, they are confident that continued litigation of this case would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.

Plaintiff has also had the opportunity to review Defendant's finances.  Based on Defendant's current financial state, Plaintiff believes that the amounts she will receive pursuant to this settlement reflect a substantial portion of, or more than, what she could expect to recover if she were to prevail at trial, and then engage in

collection efforts. Moreover, the attorneys' fees figure referenced in the Parties' Settlement Agreement takes into account the fact that Plaintiff's Counsel will be required to administer the payment of Settlement Proceeds. Counsel for Plaintiff hereby affirms that his firm has reviewed the settlement terms with Plaintiff, and that Plaintiff understands its contents and wishes the court to approve it.

The Parties respectfully request that the Court approve the Parties' Settlement as a fair and reasonable disposition of the claims and defenses asserted in this action against Defendant Jones; and approve the releases, payment of attorneys' fees and costs, and itemized monetary distribution to Plaintiff as set forth in the Settlement Agreement by entering the Order Approving Settlement submitted contemporaneously herewith**.**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiff certifies that the foregoing has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 13th day of May 2015.

SMITH, COLLINS & FLETCHER, P.A.


|  | /s/ W. Anthony Collins, Jr. |
| 8565 Dunwoody Place | W. Anthony Collins, Jr. |
| Building 15 Suite B | Georgia Bar No. 141712 |
| Atlanta, GA 30350 |  |
| Phone: (678) 245-6785 | *Attorney for Plaintiffs and* |
| Fax: (888) 413-3031 | *Opt-in Plaintiffs* |
| *Anthony@SCandF.com* |  |


LAW OFFICES OF HERBERT P. SCHLANGER

|  | /s/ Herbert P. Schlanger |
| 230 Peachtree Street, N.W. | Herbert P. Schlanger |
| Suite 1890 | Georgia Bar No. 629330 |
| Atlanta, GA 30303 |  |
| Phone: (404) 808-6659 | *Attorney for Defendant C.B. Jones* |
| Fax: (404) 745-0523 |  |

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

CHELSEA V. JOHNSON ,

     Plaintiff,

    v.

1715 NORTHSIDE DRIVE, INC. d/b/a
    Diamond Club, a Georgia
    corporation;

A-1 ENTERTAINMENT, LLC d/b/a
    Diamond Club, a Georgia limited
    liability company;

C.B. JONES II, an individual; and

CARMEN POPOVITCH, an
    individual,

     Defendants.

Civil Action No. 2014-cv-249839

## JOINT MOTION TO APPROVE SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Plaintiff Chelsea V. Johnson ("Plaintiff") and Defendant C.B. Jones, II[1], ("Jones" or "Defendant") by and through their respective undersigned counsel of

---

[1] This Settlement Agreement only applies to Defendant C.B. Jones, II.  No claims will be released against any other party pursuant to this Settlement Agreement and no Defendant other that C.B. Jones is a party to this settlement agreement.

record, and move this Court to approve the Parties' stipulated settlement set forth herein, as required by the FLSA, and to enter the stipulated Order Approving Settlement prepared and contemporaneously submitted by the Parties' respective counsel. This settlement contemplates payment to Plaintiff for her purported FLSA damages and provides for payment of attorneys' fees and costs incurred in the prosecution of this lawsuit. In support of this Motion, the Parties jointly represent to the Court as follows:

## V.   SETTLEMENT OF FLSA CLAIMS IN THE ELEVENTH CIRCUIT

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.* v. *United States,* 679 F.2d 1350,1353 (11 th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.* In addressing the

circumstances justifying court approval of FLSA settlements in the litigation

context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by
> employees under the FLSA for back wages because initiation of the
> action by the employees provides some assurance of an adversarial
> context. The employees are likely to be represented by an attorney
> who can protect their rights under the statute. Thus, when the parties
> submit a settlement to the court for approval, the settlement is more
> likely to reflect a reasonable compromise of disputed issues than a
> mere waiver of statutory rights brought by an employer's
> overreaching. If a settlement in an employee FLSA suit does reflect a
> reasonable compromise over issues, such as FLSA coverage or
> computation of back wages that are actually in dispute, we allow the
> District Court to approve the settlement in order to promote the policy
> of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

## VI.   THE PARTIES' SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE BONA FIDE DISPUTES BETWEEN THE PARTIES

Following good faith, arms-length negotiations, and with the assistance of a

mediator with decades of experience in FLSA cases, the Parties have reached a

settlement of all claims. Due to the uncertainties of litigation, disputed facts

regarding whether Plaintiff was an "independent contractor" not entitled to

overtime from Defendant, and the benefit to both Parties in avoiding the expense

and time associated with further litigation, the Parties have agreed to settle this

matter.  The proposed settlement arises out of an FLSA action brought by Plaintiff

against Defendant, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel. The Parties agree that the instant action involves heavily disputed issues regarding whether Plaintiff, who performed as an exotic dancer, qualifies as an "employee" or "independent contractor", and whether Mr. Jones personally had any liability towards the Plaintiff.

The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and her counsel discussed Plaintiff's possible regular and overtime hours and pay rate and formulated proposed settlement figures. The Parties engaged in settlement discussions, via mediation, based upon their independent valuations of the case. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Plaintiff and Defendant have signed the Settlement Agreement and General Release setting forth the terms of the settlement.

The Settlement Agreement and General Release which includes a chart setting forth the names of the Plaintiffs in this and other actions settled simultaneously with Defendant, and the negotiated amount to be paid in settlement

for each, as analyzed, calculated, and consented to by the Parties ("Settlement Agreement"), is being contemporaneously submitted to the Court for review. In addition to Initial Disclosures, counsel for the Parties have exchanged data in connection with the evaluation and negotiation of this settlement.

The Parties negotiated, determined, and calculated the amounts to be paid to Plaintiff as set forth in the Settlement Agreement. The resultant amount was then divided into installment payments.

Defendant denies any liability whatsoever, but recognizes that Plaintiff's claims would require thousands of dollars to litigate to final judgment and that a "take nothing" judgment by summary judgment or by jury trial would be uncertain. Plaintiff shares Defendant's concerns about litigation costs, the inherent difficulty of testimony-based offers of proof, and, ultimately, the uncertainty of a jury verdict in their favor, or the extent of the same.

Each party to this Agreement has had a full, informed opportunity to review and analyze the individualized damage calculations made by the other party. While the Parties are not in agreement about all the inferences that might properly be drawn from the evidence, they are confident that continued litigation of this case would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.

Plaintiff has also had the opportunity to review Defendant's finances. Based on Defendant's current financial state, Plaintiff believes that the amounts she will receive pursuant to this settlement reflect a substantial portion of, or more than, what she could expect to recover if she were to prevail at trial, and then engage in collection efforts. Moreover, the attorneys' fees figure referenced in the Parties' Settlement Agreement takes into account the fact that Plaintiff's Counsel will be required to administer the payment of Settlement Proceeds. Counsel for Plaintiff hereby affirms that his firm has reviewed the settlement terms with Plaintiff, and that Plaintiff understands its contents and wishes the court to approve it.

The Parties respectfully request that the Court approve the Parties' Settlement as a fair and reasonable disposition of the claims and defenses asserted in this action against Defendant Jones; and approve the releases, payment of attorneys' fees and costs, and itemized monetary distribution to Plaintiff as set forth in the Settlement Agreement by entering the Order Approving Settlement submitted contemporaneously herewith**.**

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiff certifies that the foregoing has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this ___ day of May 2015.

SMITH, COLLINS & FLETCHER, P.A.


8565 Dunwoody Place
Building 15 Suite B
Atlanta, GA 30350
Phone: (678) 245-6785
Fax: (888) 413-3031
Anthony@SCandF.com

_____
W. Anthony Collins, Jr.
Georgia Bar No. 141712

*Attorney for Plaintiffs and
Opt-in Plaintiffs*


LAW OFFICES OF HERBERT P. SCHLANGER


230 Peachtree Street, N.W.

Suite 1890
Atlanta, GA 30303
Phone: (404) 808-6659
Fax: (404) 745-0523

_____
Herbert P. Schlanger (by Mr. Collins with
express permission)
Georgia Bar No. 629330

*Attorney for Defendant C.B. Jones*

7