IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITTANY M. THOMPSON, et al., | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NOS. : 1:14-CV-390-RWS |
| 1715 NORTHSIDE DRIVE, INC., | : : |
| Defendant. | : |

**ORDER**

This case is before the Court on Defendant 1715 Northside Drive's Motion for Summary Judgment [Doc. No. 89].

**I.   Factual Background**

Plaintiffs are former exotic dancers at Diamond Club. Defendant 1715 Northside Drive owns and operates Diamond Club, an adult entertainment venue. Defendant has never paid any wage to an exotic dancer. On February 10, 2014, Plaintiffs filed suit against Defendant (and others, who have since been dismissed from this action), alleging violations of Sections 206 and 207 of the Fair Labor Standards Act ("FLSA"). On July 10, 2014, Defendant answered and asserted counterclaims against Plaintiffs for breach of contract and unjust enrichment [Doc.

No. 43].

## II.     Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257  (1986).

The applicable substantive law identifies which facts are material. Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id.  An issue is genuine when the evidence

2

is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

### III. Analysis

On March 9, 2015, Defendant 1715 Northside Drive filed its Motion for Summary Judgment [Doc. No. 89], claiming that it is wholly exempt from liability

in this case pursuant to the good faith exception contained in 29 U.S.C. §§ 259(a) and 260.  Defendant relies upon Fact Sheet 13, a publication of the United States Department of Labor Wage and Hour Division regarding the employment relationship under the FLSA [Doc. No. 89-1, pp. 1-3].

The Court agrees with Plaintiffs that Defendant is not entitled to summary judgment.  Defendant has failed to present any evidence concerning its reliance on Fact Sheet 13.  For example, no evidence has been presented that Defendant was even aware of Fact Sheet 13 when deciding not to pay its exotic dancers.  Furthermore, Fact Sheet 13 is dated May 2014, three months after this action was filed [Doc. No. 89-1, p. 1].  For these reasons, Defendant is not entitled to summary judgment on its good faith defense.

## IV.  Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment [Doc. No. 89] is DENIED.  The parties are ORDERED to file a proposed consolidated pretrial order within thirty days.

**SO ORDERED**, this 28th day of September, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)