UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITTANY M. THOMPSON et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| 1715 NORTHSIDE DRIVE, INC. et al., | ) Civil Action File No. 1:14-cv-00390-RWS |
| Defendants. | ) ) ) ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO PROSECUTE

**COMES NOW** Defendant 1715 Northside Drive, Inc. ("Defendant"), by and through undersigned counsel, and respectfully move this Court to dismiss Plaintiffs' Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 16(f) and 41, and Local Rule 41.

### INTRODUCTION

Plaintiffs have displayed a clear record of delay and willful contempt in these proceedings. For the last four months and for periods of time prior to that, Plaintiffs defied several orders of this Court. On September 20, 2016, this Court ordered that parties provide pretrial orders by October 4, 2016. (Doc. 125). In that pretrial order, the parties were to provide their witness list, exhibit list, and designate their deposition testimony. Although Defendants supplied all requested

information, Plaintiffs did not. Plaintiffs have had *over four months to correct this deficiency* but, as of the time of this Motion's filing, Plaintiffs persist in not providing these documents. This failure is even more astonishing given that this Court has previously set this case for trial on two occasions and provided the Plaintiffs even more time to comply at the most recent Pretrial Conference. A week after the expiration of that deadline, Plaintiffs have still failed to comply. Plaintiffs' failures to supply these key disclosures make it impossible for the Defendants to adequately prepare for trial.

Not only have Plaintiffs shown disregard for the Court's orders in the last four months, at earlier times in this case, Plaintiffs have failed to comply with directives from the Court. Previously, when the parties agreed to settle, this Court asked for a status report so that it could approve the settlement. Despite several attempts by the Defendants to confirm the settlement terms, Plaintiffs never replied, and as a result, the Court was not provided with the requested status report. Finding this behavior unacceptable, this Court dismissed the case. (Doc. 121).

Plaintiffs continued failure to comply or cooperate despite orders from the Court and a previous dismissal amount to a clear record of delay and willful contempt. This Court has previously dismissed the matter for this behavior and a higher sanction is now warranted. Given the consistent disregard by Plaintiffs in their efforts to comply with this Court's orders even despite the Court's leniency

with Plaintiffs, Defendant respectfully asks this Court to dismiss their claims with prejudice.

## FACTUAL BACKGROUND

### A.   Previously Scheduled Trial Proceedings

This is a Fair Labor Standards Act case filed by Plaintiffs on February 10, 2014.  (Doc. 4-1 at 3).  After initial pleadings and other motions, the first pretrial conference was set for December 1, 2015 while trial was set for December 7, 2015.  (Doc. 111).  In lieu of the trial set for December 7, 2015, the parties sought and attended mediation.  (Doc. 114).  Unfortunately, mediation was unsuccessful and the case was reset for trial on April 25, 2016 with a pretrial conference to be held on April 20, 2016.  (Doc. 120).  However, shortly before the April 25, 2016 trial date, the parties informed the Court that this case had settled.  (Doc. 120).

### B.   Plaintiffs' Failure to Confirm Settlement and Case Dismissal

Because this claim was brought pursuant to the Fair Labor Standards Act, the Court had to approve the settlement to close the case.  (Doc. 12).  To do that, the Court, pursuant to its June 27, 2016 order, ordered the parties to file a status report within fourteen days.  (Doc. 120).

Despite several attempts by the Defendant to confirm the settlement terms, Plaintiffs never replied with a date, time, or even an intention to confirm the settlement.  As a result, the parties failed to provide the Court with the requested

status report.  (Doc. 124.) On July 19, 2016, this Court entered an Order that the Complaint was hereby dismissed due to the failure of the parties to follow a lawful order.  (Doc. 121).

### C. Plaintiffs Continue to Disobey Court Orders

Notwithstanding their failure to confirm the settlement, on August 5, 2016, Plaintiffs filed Motion for Reconsideration to open case.  (Doc. 123).  Over Defendant's objection, the case was reopened to avoid punishing the Plaintiffs. (Doc. 125).  In the order granting Plaintiffs' Motion for Reconsideration, the Court ordered that the parties file their proposed consolidated pretrial orders.  (Doc. 125).

Although Plaintiffs filed a pretrial order, it was extremely deficient.  (Doc. 127).  Plaintiffs failed to include their witness list, exhibit list, and designated deposition testimony.  In addition, the parties were to work together on developing a set of stipulated facts and submit all stipulations to the Court seven (7) days prior to the start of trial.  Although both parties provided an individual set of stipulated facts, Plaintiffs have not communicated with Defendant to develop a joint set of stipulated facts.

This Court specially set a jury trial on this matter for March 6, 2017 with a pretrial conference set for February 16, 2017.  (Doc. 131).  At the pretrial conference, Defendant informed the Court that Plaintiffs still had not submitted their witness list, exhibit list, and designated deposition testimony, which were

then over four months outstanding.  This Court graciously provided the Plaintiffs with additional time to provide these items ordering Plaintiffs to supply them by February 22, 2017.  (Doc. 133).  However, a week has passed since the expiration of this deadline and Plaintiffs have failed provide the necessary disclosures.  We are now less than a week from trial and Defendant still does not have the required disclosures.  As the foregoing demonstrates, not only have Plaintiffs repeatedly failed to comply with the Court's orders, they have offered no explanation — indeed they have not taken any courtesy to even communicate with the Defendant — concerning the status of these matters.

## ARGUMENT AND CITATION OF AUTHORITY

The Federal Rules expressly authorize this Court to dismiss an entire action for failure to prosecute or failure to obey a court order or federal rule.  Rule 41(b) specifically provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b).  Similarly, the Local Rules of this Court note that a case may be dismissed for want of prosecution when an "attorney willfully fails or refuses to make a case ready," or when he "fail[s] or refuse[s] to obey a lawful order of the court."  L.R. 41.3(A)(1)-(2).  In addition, Rule 16(f) provides that a court may issue any just orders if a party or its attorney does not participate in good faith in the pretrial conference or  "fails to obey a scheduling or other pretrial

order." This authority "cannot be seriously doubted" as the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.").

The standard to determine if a matter should be dismissed for failure to prosecute is twofold. See Goforth, 766 F.2d at 1535. Dismissal is appropriate when there is "a clear record of delay or willful contempt and a finding that lesser sanctions will not suffice." Id. When lesser sanctions would not suffice, it is entirely appropriate for the Court to dismiss where a plaintiff has exhibited a clear record of delay or "contumacious conduct." See Abrams v. Ciba Specialty Chems. Corp., No. 08-0068-WS-B, 2008 U.S. Dist. LEXIS 66419, at *5 (S.D. Ala. Aug. 25, 2008) (describing "contumacious conduct warranting dismissal" as "'protracted footdragging,' 'defiance of court orders,' 'ignoring warnings,' and 'wasteful expenditure of the court's time'"). Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 914 (11th Cir. 2010).

6

As demonstrated in the above factual background, there is a "clear record of delay and willful contempt" by the Plaintiffs. Goforth, 766 F.2d at 1535. For over four months, Plaintiffs have failed to provide Defendant with their witness list, exhibit list, and designated deposition testimony. This fact remains true despite this Court's recent order requiring them to supply these pretrial disclosures by February 22, 2017. With trial now only days away, Plaintiffs have made it impossible for Defendant to prepare.

As the Court is aware, this is not the first time the Plaintiffs have failed to observe the Local Rules or abide by a Court's Order. (Doc. 121). The case has been dismissed before due to Plaintiffs' former failure to do exactly that. (Doc. 121). Given Plaintiffs' ongoing history of "ignoring warnings" and "def[ying] court orders," their conduct can be characterized as nothing but a "clear record of delay and willful contempt." See Goforth, 766 F.2d at 1535.

Turning to the second prong, this Court can sufficiently find that lesser sanctions will not suffice. This Court has already been sympathetic to the Plaintiffs by its previous reopening of the case. (Doc. 121). One would suspect that Plaintiffs' behavior to change considering this Court's grace, but this has not been the case. Although, this matter is set for trial on March 6, 2017, Defendant has yet to receive witness lists, exhibit lists, nor any designated deposition testimony — items now pending for over four months. It is thus impossible for

Defendant to prepare for trial. Because the Plaintiffs are showing a blatant disregard for this Court's orders, scheduling, and for Defendant's need to prepare for trial, especially considering this Court has been lenient with the Plaintiffs before, no lesser sanctions will suffice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismisses Plaintiffs' Complaint, with prejudice, and enter judgment for Defendant.

Respectfully submitted this 27th day of February, 2017.

/s/ *Kenneth A. Newby*_____
Kenneth A. Newby
Georgia Bar No. 179772
55 Ivan Allen Jr. Blvd, N.W.
Suite 820
Atlanta, GA 30308
(404) 736-3727 (t)
(404) 745-0075 (f)
ken@newbylawgroup.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND MEMORANDUM IN SUPPORT** with the Court using the CM/ECF system on February 27, 2017, which will automatically send an e-mail notification to all who have consented to receiving such electronic notice.

>/s/ *Kenneth A. Newby*_____
>Kenneth A. Newby
>Georgia Bar No. 179772
>*Attorney for Defendant*

## CERTIFICATE OF COMPLIANCE

I certify that this document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1 (C).

>/s/ *Kenneth A. Newby*_____
>Kenneth A. Newby
>Georgia Bar No. 179772
>*Attorney for Defendant*